IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE DOROTHY GREER, *Plaintiff,* | : : : | CIVIL ACTION |
| v. | : : : | |
| CAROLYN W. COLVIN, *Defendant.* | : : | No. 16-2260 |

## ORDER

**AND NOW**, this 26th day of July, 2018, upon consideration of the Administrative Record (Doc. No. 9), Ms. Greer's Brief and Statement of Issues in Support of Request for Review (Doc. No. 14) Defendant's Response to Request for Review (Doc. No. 15), and after review of the Report and Recommendation of United States Magistrate Judge David Strawbridge (Doc. No. 22), to which objections were filed (Doc. No. 23)[1] it is **ORDERED** that:

---

[1] Ms. Greer objected to the Report and Recommendation by reiterating that the ALJ's decision was not supported by substantial evidence. The Court disagrees and finds substantial evidence on the record to support the ALJ's decision. 42 U.S.C. § 405(g). Specifically, Ms. Greer argues that Magistrate Judge Strawbridge erred in (a) concluding that her failure to seek medical treatment for her anxiety was relevant, (b) finding no fault in the ALJ referencing Ms. Greer's statement that she "does not have any mental health problems," and (c) concluding that the ALJ's examination of the paragraph B criteria was adequate. 20 C.F.R. Part 404, Subpart P, Appendix 1, 12.00C.

First, Ms. Greer's failure to seek medical treatment is relevant. Ms. Greer argues that "faulting a person with a diagnosed mental illness for failing to pursue mental health treatment is a questionable practice." *Peterson v. Astrue*, 2 F. Supp. 3d 223, 236 (N.D.N.Y. 2012) (internal quotations omitted). Her argument goes to the weight of the evidence, not to any procedural failure. Moreover, unlike the *Peterson* case, Ms. Greer was seeing doctors who assessed that she had "normal judgment" and suggested she see a specialist. Ms. Greer declined to visit any specialists. This evidence is not *per se* irrelevant to whether Ms. Greer's disability "significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416 920(c).

Second, Ms. Greer argues that her admission that she "does not have any mental health problems" was contradicted by the evidence and should not have been discussed by the ALJ. Ms. Greer argues that she simply misspoke. Even if she did misspeak, the ALJ may give the statement whatever weight he finds it deserves. The Court need only determine if it was either (a) impermissible to use as evidence or (b) the substantial weight of the evidence is contradicted by the statement. The Court finds that this was permissible to use in the ALJ's decision, and that there was substantial evidence on the record (as aptly outlined in the Report and Recommendation) to support the ALJ's finding.

Finally, Ms. Greer argues that the ALJ inadequately examined the mental impairment "paragraph B" criteria. The Court finds that this argument is contradicted by the record. The 13-page ALJ decision discussed the relevant criteria and the relevant facts. That the ALJ did not specifically pair each fact to

1

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Judgment is entered affirming the decision of the Commissioner of the Social Security Administration and the relief sought by Ms. Greer is **DENIED**; and

3. The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

each criterion does not render it fatally flawed. The ALJ cited the correct legal proposition and facts relevant to those criteria. It is not this Court's province to second-guess how he weighed the facts, so long as there is substantial evidence on the record. Given the Court's finding of substantial evidence supporting the ALJ's decision, this argument is also without merit.